Appeal from an order of the Family Court of Tompkins County, entered August 20, 1979, which committed the respondent David Gell to the *962 Tompkins County Jail for six months for willful failure to obey a support order. The support order was issued January 31, 1978 and established the respondent’s arrearage at $285, gave him one month to establish his business, and ordered the next payment of $17.50 to be due and payable on March 3, 1978. Within a year from the date of the issuance of the support order, the respondent had been twice sentenced to jail for his willful failure to obey its provisions. On February 28, 1979, respondent petitioned the Family Court for a reduction of the support order. The petitioner, his former wife, cross-filed a petition dated March 27, 1979 to enforce the existing order by again committing the respondent to jail. The respondent’s defense to the petition was that he had actually sought but failed to find employment. In support of his position the respondent attempted to subpoena three persons. Pending the hearing, the court, on its own, decided that at least two of the three witnesses were unnecessary, allowed one to file a letter and dispensed with the appearance of the two others. The hearing was held July 26, 1979. At it, the respondent testified he was earning $80 a week from his employment as a self-employed carpenter and furniture maker. He also testified to his own expenses and lack of adequate visitation rights. The respondent’s record of payment revealed an arrearage of $829.75 as of June 1, 1979. At the conclusion of the hearing, the Family Court found the respondent’s failure willful and sentenced him to jail for a period of six months, commencing August 3, 1979, such sentence to be served on weekends, commencing on Fridays at 6:00 p.m. and ending Sundays at 6:00 p.m. The sentence was suspended, however, as long as respondent continued to pay $17.50 child support, commencing August 3,1979, and the sentence was to be automatically imposed if a payment was missed. Although the court should not have dispensed with the appearance of the subpoenaed witnesses prior to the hearing, such error in the circumstances herein was inconsequential. The sum of $17.50 child support for two children out of admitted earnings of $80 per week was fair, reasonable and affordable, and should have been paid. The respondent’s history of nonpayment, his ofttimes feeble attempts to obtain or to continue employment and his divergence from gainful employment to tearing down old barns for wood, supplied sufficient basis for the court’s finding that his attitude was willfully calculated to defy a court order that was fair in the circumstances, and that respondent was able to pay the amount of support required. (Family Ct Act, § 454.) Even upon so finding, the court gave the respondent the opportunity to escape confinement by making his payments. The respondent’s plight is of his own making, and the order of the Family Court was proper in the circumstances. Accordingly, the order appealed from should be affirmed. Order affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.